UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BETTY JORDAN**                         :        **DOCKET NO. 1:22-cv-3237**

**VERSUS**                               :        **JUDGE DEE D. DRELL**

**STATE FARM FIRE & CASUALTY CO**        :        **MAGISTRATE JUDGE LEBLANC**
**ET AL.**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendants State Farm Fire & Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Co. Doc. 9. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**. However, as also discussed below,

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Winnfield, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley & Associates, PLLC ("MMA") filed this lawsuit in plaintiff's name in this court on August 26, 2022, raising claims of breach of insurance contract and bad faith against defendants under Louisiana law. Doc. 1.

In this and 40 similarly situated suits, defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, and

Dover Bay Specialty Insurance Company filed a single motion, supported by a lengthy affidavit, alleging that dismissal was warranted in all of the listed cases because plaintiffs did not give MMA authority to file suit on their behalf.[1]  Doc. 9, att. 1, p. 2.  Following receipt of that motion, the court set the motion for hearing and set a show cause hearing in this and several similar matters to determine whether the attorney signatory to the complaint should be sanctioned, reasoning:

> Should the facts asserted by defendants in their Motion to Dismiss prove to be true, then it appears as though sanctions may be in order pursuant to Fed. R. Civ. P. Rule 11(b)(2) in that the claims of the original complaint are not warranted by existing law or under Rule 11(b)(3) in that the factual contentions have no evidentiary support.

Doc. 14.  Plaintiff Betty Jordan was ordered to attend the May 12, 2023, hearing in person.  *Id.*  Plaintiff did not attend the hearing [doc. 17], but shortly before the hearing, chambers received a telephone call from a person purporting to be Steve Jordan, the son of plaintiff Betty Jordan.  He advised that plaintiff lives with him in Monroe, Louisiana, and that she suffers from illness that precludes her travel.  Doc. 21.

Plaintiff then became a *pro se* litigant by operation of an order of this court.  Doc. 22.  That order requested that defense counsel reach out to the caller who identified himself as Steve Jordan and report back to chambers to determine if his identity could be verified and/or an out-of-court resolution could be reached.  By email correspondence with chambers, defense counsel and Steve Jordan have informed the court that dismissal of this matter is appropriate.

---

[1] Dover Bay Specialty Insurance Company is not a party to this suit.

## II.
### LAW AND ANALYSIS

**A. Motion to Dismiss**

We are faced with the very serious allegation that MMA had no authority to file this suit on plaintiff's behalf, and the court has treated that allegation with the seriousness it deserves by setting various show cause hearings and status conferences in numerous cases, which we decline to enumerate here. But the motion in which this allegation appears is a motion to dismiss and, aside from arguing that the lawsuit is a nullity, it does not provide us with any citation to authority that would allow us to dismiss the case at the pleadings stage. This court's Local Rules require that a memorandum in support of a motion to dismiss cite to the legal authorities that support granting the relief sought. W.D. La. Loc. Civ. R. 7.4. However, defendants do not explicitly state which rule from the Federal Rules of Civil Procedure would require dismissal of the allegedly unauthorized claims, and the court will not make assumptions as to defendants' intentions.

Further, the provisions of the frequently cited Rule 12(b)(6) do not allow the court's inquiry to stray beyond the pleadings in normal circumstances. Here we are presented with an affidavit that was not made part of the pleadings. In short, defendants do not provide citations sufficient to convince us that MMA's alleged lack of authority to file suit is properly handled by a motion to dismiss, rather than a motion for summary judgment.[2] Given the constraints on our consideration of motions to dismiss, we are bound to recommend that the motion be denied.

---

[2] The only federal-law authority cited in support of granting dismissal is a citation to *Franatovich v. Allied Trust Insurance Company*. Doc. 9, att. 1, pp. 4–5 (citing Minute Entry, Order and Recommendation, No. 22-2552, p. 3 (E.D. La. Feb. 1, 2023)). That case is not binding on this court. Furthermore, the cited order dismisses a case *sua sponte* without citing any legal authority that would support defendants' motion to dismiss for the law firm's lack of authority to file suit.

### B. Failure to Prosecute

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

When this motion was set for hearing nearly a year ago, plaintiff was cautioned that her failure to attend the hearing could result in dismissal of the matter:

> Because plaintiff's counsel is currently suspended from practice in this district, plaintiff Betty Jordan is required to personally attend this hearing. The Clerk of Court is to mail to plaintiff a copy of this Notice of Motion Setting with a cover letter addressed to plaintiff explicitly pointing out that her presence at the hearing is required. A copy of the transmittal letter is to be placed on the docket of this proceeding. Through this notice we caution plaintiff that her failure to attend this hearing personally could result in a recommendation to the district court that the matter be dismissed for failure to prosecute. Plaintiff should understand that, as of this moment, she is in no danger of adverse action by the court and that is not why her presence is mandated. Rather her presence is mandated so that the court can understand the facts that gave rise to the motion being set for hearing.

Doc. 15, att. 1. Plaintiff has not personally contacted chambers regarding the case.[3] As of this date, no attorney has moved to enroll on plaintiff's behalf. Plaintiff has not participated in the prosecution of this case, including responding to the current motion. We see no action plaintiff

---

[3] An individual purporting to be plaintiff's son, Steve Jordan, has been in contact with chambers and advises that the case should be dismissed.

has taken to move this case along to its completion. Accordingly, we recommend that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders of the court.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 9] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 20th day of March, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**